UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 NOV -2 P 1: 03

| | | |
|---|---|---|
| **Roosevelt Bryant**, # 101328, | ) | C/A No.  9:07-03472-MBS-GCK |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden Stan Burtt, | ) | |
| Respondent. | ) | |

Roosevelt Bryant (Petitioner) has filed for federal habeas corpus relief under 28 U.S.C. § 2254.[1] Petitioner is an inmate at Lieber Correctional Institution of the South Carolina Department of Corrections. Petitioner states that he is suffering memory loss. In his petition, he states that he is serving a 25 year sentence imposed in the Aiken County Court of General Sessions for murder and armed robbery. (Pet. at 1.) However, review of the Report and Recommendation entered in *Bryant v. Rushton*, No. 9:01-03598-MBS (D.S.C. Aug. 14, 2002), a case previously filed by Petitioner in this Court, reveals the procedural history relevant to Petitioner's convictions and sentences.[2] Petitioner is serving a twenty-five (25) year sentence imposed by the Aiken County Court of General Sessions on a 1980 armed robbery conviction and a life sentence imposed by the Greenwood County Court of General Session in 1981 on a murder conviction and a consecutive twenty-five (25)

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

sentence for an armed robbery conviction. Petitioner requests that this Court vacate his sentences and convictions and expunge "any derogatory file issue." (Pet. at 14.)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition herein pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat.1214 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24,

2

1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the AEDPA) which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote and citations omitted). The "gatekeeping" mechanism created by the AEDPA amended 28 U.S.C. § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).



Although 28 U.S.C. § 2254 is the appropriate vehicle for a state prisoner to challenge a state conviction, relief under this section is unavailable to this Petitioner because this petition is successive. This is the second habeas petition filed by Petitioner with respect to his state convictions. On September 10, 2001, Petitioner filed his first petition in this Court for relief under 28 U.S.C. § 2254. On September 13, 2002, the first petition was dismissed with prejudice as time barred under 28 U.S.C. § 2244(d). *Bryant v. Rushton*, No. 9:01-03598-MBS (D.S.C. Sept. 13, 2002).

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003); *In re:*

3

*Fowlkes*, 326 F.3d 542 (4th Cir. 2003). There is no indication that Petitioner has obtained an order from the Court of Appeals for the Fourth Circuit authorizing this Court to consider this successive petition. The present petition should be dismissed as being successive without authorization to file.

### Recommendation

Accordingly, it is recommended that the petition in this case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

George C. Kosko
United States Magistrate Judge

November 1, 2007
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).